IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Myrtle R. Cooper, | ) | C/A No.: 3:12-668-CMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| William L. Pyatt and Pyatt Law Firm, LLC, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Plaintiff Myrtle R. Cooper ("Plaintiff"), proceeding *pro se*, filed this lawsuit against William L. Pyatt ("Pyatt") and the Pyatt Law Firm, LLC (collectively "Defendants"), in connection with Defendants' representation of Plaintiff in a lawsuit currently pending before this court. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss this case without prejudice and without issuance and service of process.

I.  Factual Background

Plaintiff alleges that on January 31, 2011, she entered into a "Contract for Legal Services" ("Contract") with Pyatt. [Entry #1 at 3]. Pursuant to the Contract, Pyatt agreed to represent Plaintiff in *Cooper v. Midlands Technical College*, *et al.*, C/A No. 3:11-591-CMC (D.S.C.) ("*Cooper I*"). *Id.* Under the Contract, Plaintiff paid Pyatt $9,000. *Id.*

By order dated June 8, 2011, the court dismissed all defendants in *Cooper I* except Midlands Technical College. [*Cooper I*, Entry #18]. Plaintiff states that, thereafter, Pyatt provided incorrect and incomplete answers in responding to interrogatories in *Cooper I*. [Entry #1 at 4]. After Plaintiff wrote to Pyatt to inform him of his mistakes, he filed a "Motion to be Relieved as Counsel" [*Cooper I*, Entry #20], which the court granted. [*Cooper I*, Entry #26]. Plaintiff adds that Pyatt failed to forward required documents to the attorney for Midlands Technical College. [Entry #1 at 5].

Plaintiff seeks to have Pyatt (i) return the $9,000 paid to him; (ii) pay to Plaintiff $9,000 in punitive damages because he dismissed the other defendants in *Cooper I*; (iii) pay to Plaintiff $9,000 in punitive damages because he allegedly created error-filled documents; and (iv) pay all costs incurred by Plaintiff, and such other relief as the court deems just and equitable. *Id.* at 6.

II. Discussion

A. Standard of Review

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The

mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings. Plaintiff's complaint is subject to review pursuant to the obligation of this court to ensure that it has jurisdiction. *See Interstate Petroleum Corp. v. Morgan*, 249 F.3d 215, 219 (4th Cir. 2001) (discussing the requirement that the court "consider questions regarding jurisdiction . . . even *sua sponte*"). A federal court is limited to exercising only its authority under Article III of the Constitution or as granted by federal statute. *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Because of the limits on its jurisdiction, there is no presumption that a federal court has jurisdiction. *Pinkley, Inc. v. City of Frederick, Md.*, 191 F.3d 394, 399 (4th Cir. 1999). Thus, a federal court is required to determine, *sua sponte*, if there is a valid basis for jurisdiction, and to dismiss any action over which it cannot exercise jurisdiction. *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the question of jurisdiction may be raised at any time, the Fourth Circuit has

determined that it is most efficiently raised at the outset of litigation. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

The plaintiff in an action bears the responsibility of alleging facts which provide the court with its jurisdiction. *Pinkley*, 191 F.3d at 399; *see also* Fed. R. Civ. P. 8(a)(1) (requiring "a short and plain statement of the grounds for the court's jurisdiction" in a pleading with a claim for relief). The mere assertion of a federal claim is not enough to establish jurisdiction. *Lovern*, 190 F.3d at 654. Indeed, the Fourth Circuit has warned that a federal court must be on guard for the litigant who alleges a pretextual federal issue in order to have a state law claim adjudicated in its court—a violation of Article III of the Constitution. *Id.* (citing *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988)).

B.  Analysis

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. The facts alleged in the complaint, however, do not fall within the scope of either statute.

First, the complaint presents no basis for a finding of diversity jurisdiction. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000. Complete diversity of parties means that no party on one side may be a citizen of the same state as any party on the other side. *Wis. Dept. of Corrections v. Schacht*, 524 U.S. 381, 388 (1998). This court has no diversity

jurisdiction over the instant case because, according to the complaint, Plaintiff and Defendants are all residents of South Carolina. [Entry #1 at 2–3]. In the absence of diversity of citizenship, the amount in controversy is irrelevant.

Second, the allegations in the complaint are not sufficient to establish that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The complaint contains no reference to a violation by Defendants of any federal statute or constitutional provision, nor is any type of federal question jurisdiction otherwise evident from the face of the complaint. To the extent that the complaint alleges negligence, breach of contract, or legal malpractice, such are causes of action under South Carolina state law. *See, e.g.*, *Custer v. Sweeney*, 89 F.3d 1156, 1167 (4th Cir. 1996) (holding that "the law governing legal malpractice represents a traditional exercise of state authority"); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (noting that "state law creates the cause of action" of negligence); *Hunt v. Robinson*, 852 F.2d 786, 787–88 (4th Cir. 1988) (describing a cause of action for "breach of contract" as a "claim[] cognizable under state law" and a "staple[] of state law"). As Plaintiff fails to provide sufficient facts to establish federal jurisdiction, the case is subject to summary dismissal.

III. Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

April 11, 2012                            Shiva V. Hodges
Columbia, South Carolina             United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).